**E-FILED**
Wednesday, 08 May, 2013  03:56:42 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY W. STACEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-1051 |
| | ) | |
| PEORIA COUNTY, ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendants City of Peoria, Illinois (City), and Steven M. Settingaard's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (d/e 19) (Motion 19); Defendants County of Peoria, Illinois (County), and Michael D McCoy's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 22 ) (Motion 22); Defendant Kelly J. Nelson's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 24) (Motion 24); Defendant Anthony M. Pence's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 29) (Motion 29); and Defendant Jacqueline Russell's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2] and

Rule 12(f) Motion to Strike (d/e 38) (Motion 38).  Plaintiff Anthony W.

Stacey consents to the dismissal of the claims against Defendant Steven

M. Settingaard.  Plaintiff's Response to Motion to Dismiss of Defendant,

Steven M. Settingaard (d/e 41) (Settingaard Response).  The Court,

therefore, recommends dismissing the claims against Settingaard with

prejudice.  For the reasons set forth below, the Court recommends

dismissal with leave to re-plead for all of the claims against the moving

Defendants except:  (1) the state law respondeat superior claim against

Defendant McCoy in his official capacity as County Sheriff, and (2) the

claim against the County for indemnification.  The Court recommends

denying the motions to strike the photographs attached to the Complaint.

### STATEMENT OF FACTS

For purposes of a motion to dismiss for failure to state a claim, this

Court must accept as true all well-pleaded factual allegations contained in

the Amended Complaint (d/e 2) (Complaint) and draw all inferences in the

light most favorable to Plaintiff Stacey.  Hager v. City of West Peoria,

84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak

Brook, 77 F.3d 177, 178 (7th Cir. 1996).

On February 2, 2012, City police officers arrested Stacey on a charge

of obstructing justice and transported him to the County Jail.  The County

Jail was operated by Defendant Michael D. McCoy, the County Sheriff. The County Jail was equipped with a video surveillance system that recorded activities in various parts of the Jail.  Stacey alleges that the events alleged in the Complaint were recorded by the video recording system.  Stacey further alleges that the recording system recorded the time that the alleged events occurred.  Stacey has attached 29 photographs to the Complaint which he alleges are selected still frames from the video recording that recorded the alleged events, and photographs of the injuries that he incurred.  Complaint ¶¶ 13-15.

Stacey was taken to the booking area in the County Jail.  Stacey was seated on a metal bench in the booking area and was not handcuffed. Complaint ¶¶17.  Stacey alleges that he was "exhibiting signs of intoxication, impaired judgment, and symptoms requiring a psychological assessment."  Complaint ¶¶ 35, 38.  Stacey alleges that any reasonable Jail Officer or Police Officer who was following accepted practices for the operation of a jail and the treatment of persons in custody would have classified Stacey as a being in such a condition.  Complaint ¶¶ 35, 38.

Defendant Trenton D. Gustafson was standing next to Stacey. Gustafson was a Jail Officer employed by McCoy as the County Sheriff.  At 5:16:43 a.m., Gustafson had a conversation with Stacey.  Twelve seconds

later, at 5:16:55 a.m., Gustafson grabbed Stacey by the neck and forced Stacey to the concrete floor face first. Three seconds later, at 5:16:58 a.m., Gustafson slammed Stacey's face onto the concrete floor. Five seconds later, at 5:17:02 a.m., Defendants Nelson, Russell, and Pence Stacey surrounded Stacey and secured Stacey's arms and legs. Defendant Russell was a Jail Officer of the Tazewell County, Illinois Jail, but was employed by Sheriff McCoy at the time of the alleged incident. Complaint ¶ 10. Defendant Nelson was a Sergeant at the County Jail. Complaint ¶ 11. Defendant Pence was a City Police Officer. Complaint ¶ 12.

Two seconds later, at 5:17:05, Gustafson placed his knee on Stacey's neck. Complaint ¶¶ 17-21.

Eighteen seconds later, Gustafson hit Stacey five times in the face with a clenched fist while he was still on the floor. The five strikes took three seconds, from 15:17:23 a.m. to 15:17:25 a.m. Complaint ¶¶ 22-26. Stacey alleges that this type of blow to him was known as a "hammer strike." Complaint ¶ 22. Stacey was rendered unconscious by the beating. Stacey alleges:

> During the five strikes by GUSTAFSON to the left side of STACEY'S head/face, RUSSELL, PENCE and NELSON failed to make any effort to stop GUSTAFSON from striking STACEY or protect STACEY in any manner.

Complaint ¶ 28.

Twelve seconds after the beating, at 5:17:47 a.m., Gustafson lifted

Stacey under his left arm while Stacey's hands were placed in handcuffs

behind his back.  Gustafson then dragged Stacey to a cell in the Jail.

Stacey was released from the Jail at approximately 4:00 p.m. on February

2, 2012.  Stacey suffered serious injuries as a result of the beating.

Complaint ¶¶ 30-31, 33.

Stacey alleges that McCoy had final policy making authority for the

operation of the County Jail.  Stacey alleges:

> Sheriff McCOY acting under color of state law had a custom or policy of deliberate indifference to the necessity of identification of detainees and prisoners with impaired functions or behaviors and handling those detainees and prisoners with such conditions in a manner that recognized their condition and responding practices to ensure those persons with such conditions were recognized and addressed to avoid any necessity of use of unnecessary and excessive force against such persons because of misunderstandings arising from their impaired condition. The absence of such policy was in deliberate indifference of the need for such policy and was a moving factor in the deprivation of STACEY'S constitutional rights.

Complaint ¶ 36.

Stacey alleges that Settingaard was the Chief of Police for the City.

Stacey alleges that Settingaard had final policy making authority for the

City Police Department.  Complaint ¶¶ 8, 37.  Stacey alleges:

> Chief SETTINGSGAARD acting under color of state law had a custom or policy of deliberate indifference to the

necessity of identification of detainees and prisoners with impaired functions or behaviors and handling those detainees and prisoners with such conditions in a manner that recognized their condition and responding practices to ensure those persons with such conditions were recognized and addressed to avoid any necessity of use of unnecessary and excessive force against such persons because of misunderstandings arising from their impaired condition. The absence of such policy was in deliberate indifference of the need for such policy and was a moving factor in the deprivation of STACEY'S constitutional rights.

Complaint ¶ 39.

Based on these allegations, Stacey alleges an excessive force claim under 42 U.S.C. § 1983, against all of the Defendants except the County. Stacey alleges that Russell, Pence, and Nelson were deliberately indifferent to Stacey's right to be free from excessive force because each of them had the opportunity to intervene to stop Gustafson from striking Stacey in the head five times, but each chose not to do so. Complaint ¶¶ 43-44. Stacey alleges claims against the Settingaard and against Sheriff McCoy in their official capacity because the alleged customs or policies established by McCoy and Settingaard, as quoted above, were moving factors in the deprivation of Stacey's rights in the alleged incident. Complaint ¶¶ 45-46. Stacey also brings this claim against McCoy in his individual capacity. Complaint ¶ 7. Stacey now states that he intends to

bring the §1983 municipal claim against the City directly rather than Settingaard in his official capacity. Settingaard Response, at 2.

Stacey also brings a state law claim against Defendants Gustafson, Nelson, Russell, and Pence for "common law battery and/or the willful and wanton use of force that inflicted injury on STACEY." Complaint ¶ 48. Stacey alleges that Gustafson, Nelson, Russell, and Pence were acting within the scope of their employment when they committed this tort, and so, McCoy as Sheriff and Settingaard as Police Chief are liable under the doctrine of respondeat superior. Complaint ¶¶ 49-50. Stacey states in his response to Motion 19, that the reference to Settingaard should be amended to state that the City is liable as Pence's employer under respondeat superior. Settingaard Response, at 2. The County is named as a defendant because it is liable for any judgments against McCoy in his official capacity. Complaint ¶ 51 (citing 745 ILCS 10/9-102). All Defendants except Gustafson move to dismiss. They further move to strike the photographs attached to the Complaint.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain

statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim must provide the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Stacey fails to allege facts to state a plausible §1983 claim against Nelson, Russell, and Pence. The Fourth Amendment excessive force standard governs the alleged incident because Stacey had just been brought to the County Jail, and so, had not yet received a judicial determination of probable cause. Ortiz v. City of Chicago, 656 F.3d 523,

530 (7th Cir. 2011).[1]  The Fourth Amendment establishes an objective standard of reasonableness to determine whether an officer used excessive force.  Abbott v. Sangamon County, Illinois, 705 F.3d 706, 724 (7th Cir. 2013).  The reasonableness of the force depends on the totality of the circumstances known to the officer at the time, "It is an objective inquiry, the dispositive question being 'whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an objectively reasonable manner.'" Abbott, 705 F.3d at 724 (quoting Padula v. Leimbach, 656 F.3d 595, 602 (7th Cir. 2011).  Stacey, therefore, must allege facts that plausibly show that the force applied was unreasonable under the facts and circumstances known to the Defendant officers at the time.

Stacey bases his claim against Nelson, Russell, and Pence, at least in part, on a failure to intervene to stop Gustafson.  To allege a claim for failure to intervene to prevent the use of excessive force, a plaintiff must allege that an officer, acting under color of law: (1) had reason to know that

---

[1] Stacey notes that in Forrest v. Prine, 620 F.3d 739, 743 (7th Cir. 2010), the Seventh Circuit applied the Due Process standard informed by the Eighth Amendment standard against cruel and unusual punishment against a pretrial detainee before a probable cause determination.  Judge Mihm of this District recently addressed the apparent disagreement between Ortiz and Forrest and determined that the decision in Ortiz more accurately followed the established line of Seventh Circuit precedent.  Lewis v. Tazewell County, 2013 WL 869949, at *4-*5 (C.D. Ill. March 7, 2013) (citing Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006); Luck v. Rovenstine, 168 F.3d 323, 326 (7th Cir. 1999); Reed v. City of Chicago, 77 F.3d 1049, 1052 (7th Cir. 1996)).  This Court agrees and will follow the Seventh Circuit's decision in Ortiz.

excessive force was being used, and (2) the officer had a realistic opportunity to intervene to prevent the harm from occurring.  Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994); see Sanchez v. City of Chicago, 700 F.3d 919, 926 (7th Cir. 2012).

When read favorably to Stacey, the Complaint fails to allege sufficient facts to show that the force used by Nelson, Russell, and Pence in the first few moments of the incident, prior to the five hammer strikes to the head, was objectively unreasonable under the circumstances.  The allegations state that from 15:16:55 a.m. to 15:17:23 a.m., Gustafson forced Stacey down on the floor and in doing so slammed his head against floor, and the other Defendant officers secured his arms and legs while Gustafson put his knee on Stacey's neck.  The allegations, however, do not allege why Gustafson took Stacey to the floor and why the other Defendants secured Stacey's arms and legs.   Stacey alleges that he was intoxicated or otherwise impaired, but an intoxicated person who was not handcuffed could cause a threat to himself or others.  To state a claim based on the initial phase of the incident, Stacey must allege some facts known to the officers that would plausibly show that taking him to the floor and restraining him was objectively unreasonable.

When read favorably to Stacey, the alleged five blows to the face were clearly unreasonable under the circumstances.  Stacey alleges that he was pinned to the floor by four officers with Gustafson's knee on his neck.  When read favorably to Stacey, Stacey was not a threat to anyone at that point, and Gustafson had no apparent reason to punch Stacey five times in the face.

Stacey, however, fails to allege that Nelson, Russell, and Pence had a realistic opportunity to intervene to prevent the harm from occurring. Gustafson hit Stacey five times in three seconds, from 5:17:23 a.m. to 5:17: 25 a.m.  The other Defendant Officers were restraining Stacey when this happened.  These allegations do not plausibly show that Nelson, Russell, or Pence had a realistic opportunity in that brief, three second interval to stop Gustafson.  The Complaint fails to state a §1983 claim against Russell, Nelson, and Pence.

The Complaint also fails to state a claim against the City.  Pence was the only City employee involved in the incident.  The Complaint fails to allege that the City's custom or policy caused Pence to violate Stacey's rights because the Complaint fails to allege that Pence violated his rights. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  The Complaint fails to state a §1983 claim against the City.

The Complaint further fails to state a §1983 claim against McCoy in his individual capacity.  To state a §1983 against a defendant in his individual capacity, a plaintiff must allege that the defendant was personally responsible for the wrongful conduct.  <u>Johnson v. Snyder</u>, 444 F.3d 579, 583 (7th Cir. 2006).  Stacey does not allege that McCoy had any personal knowledge or personal involvement in the incident on February 2, 2012. Stacey therefore fails to state a §1983 claim against McCoy in his individual capacity.

The Complaint also fails to state a §1983 claim against McCoy in his official capacity as County Sheriff.   The claim against McCoy in his official capacity is a claim against the County Sheriff's Office.  <u>Kentucky v. Graham</u>,  473 U.S. 159, 165-66 (1985).  To state a §1983 claim against a municipality such as the Sheriff's Office, Stacey must allege facts that plausibly show that the municipality had a policy or wide spread custom that caused the constitutional violation.  <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694-95 (1978).  Stacey alleges that McCoy failed to establish a policy to identify impaired detainees and, "The absence of such policy was in deliberate indifference to the need for such policy and was the moving force in the deprivation of STACEY'S constitutional rights."  <u>Complaint</u>  ¶ 36.

To allege a §1983 municipal liability claim based on a policy of inaction or inadequate action, a plaintiff must allege facts that plausibly show that the need for action by the municipality was "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989). Stacey fails to allege any facts that show that an obvious risk existed that County Jail Officers were likely to use unconstitutional levels of force against intoxicated or impaired detainees. Stacey, therefore, fails to allege facts that plausibly show that McCoy was acting in deliberate indifference to Stacey's rights when he failed to establish a policy to identify impaired detainees.[2]

Stacey argues that this Court should determine the sufficiency of his §1983 municipal liability claims by applying the standard set forth in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), and Jackson v. Marion County, 66 F.3d 151, 153

---

[2] In addition, an issue may exist regarding whether Stacey properly pled causation. Stacey alleges that the policy or custom was the "moving force" in the violation. The Supreme Court used the "moving force" language in Harris. Harris, 489 U.S. at 389 (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)). The Supreme Court subsequently decided that but-for causation was required to prove a claim under the Age Discrimination in Employment Act. Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009). The Seventh Circuit has determined that after the Gross decision, plaintiffs in §1983 cases also must prove but-for causation. Fairley v. Andrews, 578 F.3d 518, 525-26 (7th Cir. 2009); see Kidwell v. Eisenhauer, 679 F.3d 957, 965-66 (7th Cir. 2012). The parties have not briefed the causation issue, and the Complaint fails to state a municipal liability claim regardless of any questions of causation, so the Court does not decide the sufficiency of Stacey's allegations of causation in this Report and Recommendation.

(7th Cir. 1995).  Stacey argues that <u>Leatherman</u> and <u>Jackson</u> have not been overruled.

The <u>Leatherman</u> Court held that courts may not impose a heightened pleading standard for §1983 municipal liability cases beyond that which is required of all cases under Rule 8.  <u>Leatherman</u>, 507 U.S. at 168; <u>see</u> Fed. R. Civ. P. 8(a).  The <u>Jackson</u> decision followed <u>Leatherman</u>.  <u>Jackson</u>, 66 F.3d at 163.

This Court is following <u>Leatherman</u> and is not imposing a heightened pleading standard.  This Court is applying the pleading standard announced by in the Supreme Court in <u>Twombly</u> and <u>Iqbal</u> which applies to all cases in federal court subject to the pleading standards in Rule 8.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 677-79; <u>Twombly</u>, 550 U.S. 555-63.  This Court is properly applying the principles announced in <u>Leatherman,</u> and so, is not refusing to apply controlling precedent.  <u>See</u> <u>United States v. Duncan</u>, 413 U.S. 680, 683-84 (7th Cir. 2005).  Stacey's argument to the contrary is not persuasive.   Stacey must meet the generally applicable pleading standards announced in <u>Twombly</u> and <u>Iqbal</u> in order to state a claim.  Stacey's municipal liability claim fails to meet that standard.

Nelson, Russell, and Pence also move to dismiss the state law battery claim against them.  A battery is an unauthorized touching of

another person.  <u>See</u> <u>e.g.</u>, <u>Welton v. Ambrose</u>, 351 Ill.App.3d 627, 636-37, 814 N.E.2d 970, 979 (Ill. App. 4th Dist. 2004).  Stacey alleges that Nelson, Russell, and Pence held him down.  <u>Complaint</u> ¶ 20.  He also alleges that they "failed to make any effort to stop GUSTAFSON from striking STACEY or protect STACEY in any manner."  <u>Complaint</u> ¶ 28.  As set forth above, Stacey has failed to allege sufficient facts to establish that the act of holding him down was improper or unauthorized by their positions as County Jail Officers and a City Police Officer.[3]  Stacey fails to allege that the three defendants touched him in any other way.  He therefore fails to allege a claim of battery against them.

Stacey argues that he has alleged a claim of battery because he alleges that Nelson, Russell, and Pence aided and abetted Gustafson in punching Stacey five times.  Stacey, however, does not allege that Nelson, Russell, and Pence aided and abetted Gustafson.  To allege a claim based on aiding and abetting, a plaintiff must allege that a defendant, "acted pursuant to a common design or that he encouraged the tortious acts by some word, sign, gesture or looks and, therefore, incited, aided, or abetted the attack."  <u>Sklan v. Smolla</u>, 95 Ill. App. 3d 658, 662, 420 N.E.2d 575, 578 (Ill. App. 1st Dist. 1981).  Stacey does not allege that Nelson, Russell, and

---

[3] Pence erroneously argues that Illinois state pleading rules apply to state law claims filed in federal court. Federal procedural rules, including pleading rules, apply.  <u>See</u> <u>Houben v. Telular Corp.</u>, 309 F.3d 1028, 1033 (7th Cir. 2002).

Pence acted in a common design with Gustafson to punch Stacey five times in the face, or that they encouraged him to do so.  Rather, he alleges that they failed to make any effort to stop him or to protect Stacey.  A person who is present but does nothing to stop a battery is not liable for the battery.  Id.  Stacey must allege facts that would plausibly show either that: (1) Nelson, Russell, and Pence's actions in restraining Stacey were wrongful, or (2) Nelson, Russell, and Pence incited Gustafson or otherwise acted pursuant to a common design with him to punch Stacey five times in the face.  The current allegation of a failure to act is insufficient.  Stacey fails to state a claim for battery against Nelson, Russell, and Pence.

Stacey's state law respondeat superior claim against the City also fails because the underlying claim against Pence fails.  See 745 ILCS 10/2-109 (public entity is not liable for the act of an employee if the employee is not liable).

Stacey's respondeat superior claim against McCoy in his official capacity, however, should not be dismissed because the battery claim against Jail Officer Gustafson is continuing.  The allegations plausibly show that Gustafson acted within the scope of his employment as a Jail Officer during the incident on February 2, 2012.  The allegations also plausibly show that Gustafson's five blows to Stacey's head during the incident were

unreasonable and excessive.  As such, the allegations plausibly show that Gustafson intentionally and wrongfully committed a battery on Stacey while acting within the scope of his employment.  Gustafson's intentional conduct would be willful and wanton, and so, not immune under the Illinois Tort Immunity Act.  See 745 ILCS 10/2-202 (no immunity for willful and wanton conduct performed in the execution or enforcement of any law); Ziarko v. Soo Line R. Co., 161 Ill.2d 267, 274, 641 N.E.2d 402, 406 (Ill. 1994) (willful and wanton conduct includes intentional conduct).   The allegations, therefore, are sufficient to plausibly establish a respondeat superior claim against McCoy in his official capacity.  See Brown v. King, 328 Ill.App.3d 717, 722, 767 N.E.2d 357, 360-61 (Ill. App. 1st Dist. 2001) (a sheriff may be liable in his official capacity for state law claims under a theory of respondeat superior).[4]

The County moves to dismiss the claim against it if the official capacity claims against McCoy are dismissed.  Stacey named the County as a defendant because it is a necessary party to any action against the County Sheriff in his official capacity.  Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947, 948 (7th Cir. 2003).  In this case, the Court recommends denying McCoy's motion to dismiss the state law respondeat

---

[4] McCoy is not personally liable under Illinois law for the actions of other Sheriff's Office employees. 745 ILCS 10/2-204.  Stacey only states a respondeat superior claim against McCoy in his official capacity.

superior claim against McCoy in his official capacity.  The County,

therefore, should remain a necessary party that is responsible for any

judgment on that claim.

The moving Defendants also move to strike the photographs attached

to the Complaint.  The Court may strike from a pleading any redundant,

immaterial, impertinent, or scandalous material.  Fed. R. Civ. P. 12(f).  The

Defendants argue that the photographs are redundant because they merely

show the events already alleged in body of the Complaint.  They also argue

that Stacey does not provide any foundation evidence for photographs, and

so, the photographs could be considered scandalous or impertinent.

Motions to strike are disfavored because they often only serve to

delay proceedings.  Heller Financial, Inc. v. Medwhey Powder Co., Inc.,

863 F.2d 1286, 1294 (7th Cir. 1989).  In this case, the motions do not cause

any delay because Stacey should be required to re-plead the Complaint

anyway.  The photographs, however, are not redundant.  The photographs

add information and detail to the allegations in the text of the Complaint.

The photographs, thus, aid the parties and the Court in understanding the

allegations.  The photographs also are not scandalous or impertinent.  The

photographs depict the alleged events and the alleged injuries to Stacey

that form the basis of the claim.  Defendant Gustafson has conceded that

Stacey states a claim against him at least.  Stacey, therefore, is entitled to litigate this case on the public record, and so, may put the photographs on the public record.  See Union Oil Co. of California v. Leavell, 220 F.3d 562, 567-68 (7th Cir. 2000).

Stacey is not required to provide foundation evidence for the photographs because the photographs are not evidence.  The photographs are exhibits to the Complaint.  As such, they are effectively part of the allegations of the Complaint.  The Defendants may admit or deny the authenticity or accuracy of the photographs, admit or deny that Stacey has accurately characterized the events recorded in the photographs, or otherwise respond appropriately to the photographs.  Depending on the Defendants' answers (and any other relevant stipulations or orders subsequently entered in the case), Stacey may or may not need to provide foundation evidence should he later seek to use the photographs as evidence.  The Court, however, sees no basis to strike the photographs from the Complaint.

The Court also recommends in this case that Stacey should be given an opportunity to re-plead his dismissed claims except for the claims against Settingaard and McCoy in their individual capacities.  The Seventh Circuit has noted that "the pleading rules favor decisions on the merits."

Stanard v. Nygren, 658 F.3d 792, 800-01 (7th Cir. 2011).  Rule 15 further instructs courts to grant leave to amend pleadings freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Stacey suffered serious injuries according to the allegations.  The allegations also show that Nelson, Russell, and Pence had some involvement.  The allegations, however, show no personal involvement by McCoy or Settingaard.  Stacey further concedes that the §1983 municipal liability claim and state law respondeat superior claim that he brought against Settingaard should, instead, be brought against the City directly.  Under these circumstances, the Court recommends that Stacey be given an opportunity to re-plead his claims against Nelson, Russell, and Pence; his §1983 municipal liability claim against Sheriff McCoy in his official capacity; and the §1983 municipal liability claim and the state law respondeat superior claims directly against the City rather than Settingaard in his official capacity.

WHEREFORE this Court RECOMMENDS that Defendants City of Peoria and Steven M Settingaard's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (d/e 19), Defendants County of Peoria and Michael D McCoy's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 22 ), Defendants Kelly J. Nelson's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended

Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 24), Defendant

Anthony M. Pence's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended

Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 29), and Defendant

Jacqueline Russell's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended

Complaint [Doc. 2] and Rule 12(f) Motion to Strike (d/e 38)  be ALLOWED

in part and DENIED in part as follows:

1. The claims against Defendant Settingaard and Defendant McCoy
   in their individual capacities should be dismissed with prejudice;

2. All claims against Defendants Nelson, Russell, and Pence should
   be dismissed with leave to re-plead;

3. The §1983 claims against McCoy in his official capacity should be
   dismissed with leave to re-plead;

4. All claims against the City should be dismissed with leave to re-
   plead against the City directly the §1983municipal liability claim
   and the state law respondeat superior claim that Stacey originally
   pled against Settingaard in his official capacity, and Settingaard
   should be dismissed as a party to this case; and

5. The Motions should otherwise be denied.

The parties are advised that any objection to this Report and

Recommendation must be filed in writing with the Clerk of the Court within

fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  <u>See</u> <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  <u>See</u> <u>Local Rule</u> 72.2.

ENTER:  May 8, 2013

_s/ Byron G. Cudmore_
UNITED STATES MAGISTRATE JUDGE