UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY W. STACEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-1051 |
| ) | |
| PEORIA COUNTY, ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On May 8, 2013, a Report & Recommendation [#42] was filed by Magistrate Judge Byron G. Cudmore in the above captioned case.  More than 14 days have elapsed since the filing of the Report & Recommendation, and no objections have been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  As the parties failed to present timely objections, any such objections have been waived.  Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Stacey brought this case alleging violations of federal and state law claims resulting from his arrest by the Peoria Police Department and detention in the Peoria County Jail.  He alleges a violation of 42 U.S.C. §1983 in that all defendants but the County used excessive force against him.  He also alleges the Sheriff and Chief of Police, in their official capacity, were responsible for establishing a custom, policy or practice of using excessive force.  He makes claims against Sheriff McCoy in his individual capacity and a municipal liability claim against the City of Peoria.

Stacey's state law claims are battery and wanton/willful use of force against the jail

officers and because he alleges they were acting in the scope of their employment, McCoy and Settingsgaard are liable under the doctrine of *respondeat superior*. He finally alleges the City and County are liable for any judgments against the Chief of Police (City) and Sheriff (County).

The Magistrate correctly noted the following based on the Complaint and pleadings to this stage: (1) the claims against Settingsgaard and McCoy in their individual capacities should be dismissed with prejudice for failure to allege any personal involvement; (2) claims against Nelson, Russell, and Pence should be dismissed with leave to re-plead; (3) the §1983 claims against McCoy in his official capacity should be dismissed with leave to re-plead; (4) all claims against the City should be dismissed with leave to re-plead against the City directly; (5) the §1983 municipal liability claim and the state law *respondeat superior* claim against Settingsgaard in his official capacity should be dismissed, and he should be dismissed as a party from this case; (6) the remainder of the Motion to Dismiss should be denied.

Accordingly, because this Court finds the Magistrate's analysis was thorough and persuasive, and because the parties did not file objections, the Report and Recommendation [#42] is ADOPTED in whole.


ENTERED this 27th day of June, 2013.


/s/ James E. Shadid
James E. Shadid
Chief United States District Judge